IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATASHA FILGUEIRA, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. H-05-3837 |
| | § § | |
| ALITALIA-LINEE AEREE ITALIANE S.P.A., | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Plaintiff, Natasha Filgueria, sued Alitalia-Linee Aeree Italiane S.P.A., seeking recovery for damage to a carry-on piece of baggage and the loss of its contents. Filgueria alleges that during a flight from Italy to London, a flight attendant took her backpack after the overhead bins on the airplane became full. Filgueria alleges that the attendant told her that the backpack would be placed in a forward cabin. The attendant did not give her a claim check. On arrival in London, Filgueria discovered that the backpack had instead been placed in the cargo hold. She found the backpack, but it had been opened and the contents removed. Among the missing items was a laptop.

Alitalia moved to dismiss on the ground that Filgueria did not give the carrier timely notice of the damaged backpack and stolen or missing contents. (Docket Entry No. 4). In response, Filgueria attached two documents that she contended provided timely written notice. (Docket Entry No. 6). This court converted the motion to dismiss into one for

summary judgment. (Docket Entry No. 7). The motion is now ready for decision.

I.      **The Legal Standards**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330. The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir.2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's

response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 305 (5th Cir. 2004). The nonmovant must do more than show that there is some metaphysical doubt as to the material facts. *Armstrong v. Am. Home Shield Corp.,* 333 F.3d 566, 568 (5th Cir. 2003).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Anderson*, 477 U.S. at 255. "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322 (emphasis in original)).

II.  **Analysis**

The record shows that the flight occurred on June 13, 2004, from Milan, Italy, to London. Filgueria attached a copy of a letter from the Metropolitan Police at Heathrow

Airport, dated June 14, 2004, reflecting her report of a crime. (Docket Entry No. 5, Ex. A). She also attached a copy of an unsigned letter dated June 15, 2004, to Alitalia, describing the damage to her backpack and the loss of the computer that had been inside it. Alitalia attached an affidavit from Orlando D'Oro stating that Alitalia did not receive a letter dated June 15, 2004 from Filgueria and did not see it until it was produced in this litigation. (Docket Entry No. 6, Ex. B, ¶ 6). Instead, the first notice Alitialia received of the loss was a November 15, 2004 letter from Ms. Filgueria's brother, Sebastian. (*Id.* at ¶ 5).

Both the Warsaw Convention and the Montreal Convention address the timeliness of notice to a carrier of damaged goods. It appears that the Warsaw Convention applies, because the voyage was from Italy to the United Kingdom and did not involve any United States segment, and Italy and the United Kingdom had not ratified the Montreal Convention when the flight took place. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), note following 49 U.S.C. § 40105. Both Italy and the United Kingdom are signatories to the Warsaw Convention. Article 26 of the Convention provides that no claim for damages against a carrier may be sustained unless a written complaint concerning the damage was "dispatched" by the shipper within seven days of the receipt of the damaged goods.[1] The

---

[1] Article 26 provides:
(1) Receipt by the person entitled to the delivery of baggage or goods without complaint shall be prima facie evidence that the same have been delivered in good condition and in accordance with the document of transportation.
(2) In case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and, at the latest, within ... seven days from the date of receipt in the case of goods. In case of delay the complaint must be made at the latest within fourteen days from the date on which the

courts have concluded that Article 26 governs claims for both a damaged container—the backpack—and for contents missing from it. *See, e.g., Denby v. Seaboard World Airlines, Inc.*, 737 F.2d 172 (2d Cir. 1984).

Alitalia moved for summary judgment on the ground that Filgueria failed to comply with the Convention's seven-day notice requirement. Alitalia is correct that as a matter of law, the police report Filgueria submitted does not raise a fact issue as to whether she "dispatched" notice to Alitalia within seven days of the receipt of the damaged goods. A complaint to a police department is not a complaint or notice to Alitalia, as the Convention requires. The issue is whether the June 15, 2004 letter from Filgueria to Alitalia and her allegations that she properly mailed that letter raise a disputed fact issue as to whether she timely "dispatched" notice of the damage to Alitalia.

Alitalia's summary judgment evidence, D'Oro's affidavit, meets its initial burden of producing evidence that it did not receive timely notice of Filgueria's claim. The affidavit denies receiving the June 15, 2004 letter from Filgueria and states that the first claim notice was a November 2004 letter from her brother. The issue is whether Filgueria's response to the motion to dismiss—converted to one for summary judgment—and the attached copy of

---

baggage or goods have been placed at his disposal.
    (3) Every complaint must be made in writing upon the document of transportation or by separate notice in writing dispatched within the times aforesaid.
    (4) Failing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part.
Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, art. 26, 49 Stat. 3000, 3014, T.S. No. 876 (1934), note following 49 U.S.C. § 40105.

the June 15, 2004 letter addressed to Alitalia raise a fact issue as to timely dispatch.

Filgueria's argument invokes a well-recognized presumption concerning receipt of properly addressed, stamped, and mailed documents. *See Hagner v. United States*, 285 U.S. 427, 430 (1932). The Fifth Circuit has long endorsed this presumption. *See, e.g., Lyle Cashion Co. v. McKendrick*, 204 F.2d 609, 611 (5th Cir. 1953). "Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citation omitted). Facts supporting the presumption can be established directly by the person who mailed the item. *Bronia, Inc. v. Ho*, 873 F. Supp. 854, 859 (S.D.N.Y. 1995). Once the presumption arises, the burden of producing evidence of nondelivery shifts to the party disputing receipt. *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983).

In this case, Filgueria has alleged that she sent the June 15, 2004 letter to Alitalia, properly stamping and mailing it. Alitalia does not dispute that the address shown on the letter is the proper address. Alitalia argues that the presumption does not arise because Filgueria did not use certified mail with a return receipt. The presumption does not require the use of certified mail. Instead, the necessary proof to give rise to the presumption of receipt changes when the letter is sent by certified mail. In *Mulder v. Commissioner of Internal Revenue*, 855 F.2d 208 (5th Cir. 1988), the court held that although "it is presumed

that a properly-addressed piece of mail placed in the care of the Postal Service has been delivered, no such presumption of delivery exists for certified mail when the requested return receipt is not received by the sender." *Id.* at 212. In this case, there is no allegation or evidence of the use of certified mail, but the record does include allegations that a properly addressed piece of mail was placed in the mails. When a letter has been properly addressed, stamped and mailed, it is presumed to reach the addressee. *See, e.g., Lyle Cashion Co.*, 204 F.2d at 611 (affirming trial court's presumption that letter was received when it was properly mailed and not returned to sender); *Wells Fargo*, 695 F.2d at 944 (citing *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d 854 (Tex. 1942) and noting in part that a letter properly addressed, stamped, and mailed may be presumed to have been received by the addressee in the due course of mail).

## III. Conclusion

Filgueria has raised a disputed fact issue material to determining whether she gave timely notice to Alitalia of the damage to the backpack that had been placed in the cargo hold and the loss of its contents.[2] Alitalia's motion to dismiss, converted to one for summary

---

[2] Alitalia has cited *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1107 (9th Cir. 2000), in which the court granted the airline's summary judgment motion on the issue of timely notice. In that case, as in the present case, the airline presented an affidavit that it did not receive notice of loss or damage to baggage for an extended period after the flight. In that case, as in the present case, the plaintiff presented letters about the damage and loss that it asserted were timely dispatched. The district court in that case refused to consider the letters and related documents and therefore found no fact issue as to timely notice. The appellate court questioned this ruling, but upheld the summary judgment ruling on the ground that no fact issue as to agency, a necessary issue in the case, had been raised. Alitalia has not urged this court to disregard the June 15, 2004 letter, instead arguing that it is insufficient to raise a fact issue as to timely notice. Considering the June 15, 2004 letter and Filgueria's allegations that she properly stamped and mailed it, this court finds a disputed fact issue as to whether she timely dispatched her complaint as the Warsaw Convention requires.

judgment, is denied.

SIGNED on July 20, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge